No. 40782.—Protest 865690–G of McLaughlin Gormley King Co. (New York).

Opinion by Evans, J. In accordance with stipulation of counsel and on the authority of Abstract 37263 the laurel leaves in question were held free of duty under paragraph 1722 as claimed.

No. 40783.—Protests 927391–G, etc., of Fred A. Balish Co., Inc., et al. (New York).

Opinion by Evans, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 40784.—Protests 954195–G, etc., of American Lecithin Corp., et al. (New York).

Opinion by Evans, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 40785.—Petitions 5680–R, etc., of Chanel, Inc. (New York).

Opinion by Evans, J. From the testimony it was apparent that certain changes in the basis of appraisement of the soap in question were due to a finding on the part of the customs officials that in the case of the toilet soap similar merchandise was sold in the home market, and that the importer followed the practice and basis of valuation of the bath soap which had been accepted by the customs officials for some years. It was found that there was no intention to defraud the revenue or deceive the customs officials and that the importer acted in good faith. The petitions were therefore granted.

No. 40786.—Petition 5728–R of Kirsh Novelty Co., Inc. (New York).

Opinion by Keefe, J. The petitioner testified that the invoice prices were the prices actually paid for the merchandise but there had been a devaluation of the Belgian franc. From the evidence it was found that there was no intention to defraud the revenue or to conceal or misrepresent the facts. The petition was therefore granted.

No. 40787.—Petition 5774–R of Newland, Schneeloch & Piek, Inc. (Baltimore).

Opinion by Keefe, J. There was testimony that the importer had an agreement with the manufacturer of this particular glassware that it could not be sold to department stores and other retail agencies in the United States, and that subsequent to entry the petitioner found that it had been sold to several retail establishments at higher prices, contrary to the agreement, and that an attempt was made to amend the entry. In view of the circumstances it was found that there was no intention to defraud the revenue or to conceal or misrepresent the facts. The petition was therefore granted.